UNITED STATES
SOUTHERN DISTRICT
WHITE PLAINS

---

NEW ENGLAND LIFE INSURANCE
COMPANY,

    Plaintiff,

vs.

DAVID DOERR,
LESLIE DUBEAU, and
STACY ARCHER, Individually and as Executrix of
The Estate of Gene Haynes,

    Defendants.

---

Plaintiff's motion for interpleader deposit of proceeds is denied without prejudice to renewal once the defendants appear in this action.

The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 11.

SO ORDERED.

_____
Philip M. Halpern
United States District Judge

Dated:  White Plains, New York
         January 27, 2022

## MOTION FOR INTERPLEADER DEPOSIT OF PROCEEDS
## WITH INCORPORATED BRIEF

Plaintiff, New England Life Insurance Company ("NELICO"), commenced this action in Interpleader to resolve competing claims to certain life insurance proceeds. NELICO does not dispute that certain proceeds are due as a result of the death of Gene Haynes (the "Insured"), but the company is unable to determine the proper payee given the circumstances set forth in the Complaint [Doc. 5]. In this motion, NELICO moves this Court for entry of an Order directing NELICO to deposit the proceeds due as a result of the Insured's death into the Court's registry pursuant to 28 U.S.C. § 1335(a)(2) and Fed. Rule Civ. Proc. Rules 22 and 67.

### STATEMENT OF FACTS

The Insured applied for an insurance policy with NELICO and was issued individual life insurance policy number 28 028 664 (the "Policy") with a policy date of December 5, 1997. [Complaint, Doc. 5, ¶7, Ex. A, Doc. 5-1.] On the Policy application, the Insured designated his wife, Joyce Haynes, as primary beneficiary and "children born of the marriage of the insured and

Joyce C. Haynes including any posthumous children and any children legally adopted by the insured and Joyce C. Haynes" as contingent beneficiaries. [Complaint, Doc. 5, ¶8, Ex. B, Doc. 5-2.] By Life Insurance Change of Beneficiary form dated March 15, 2013, the Insured designated David Doerr as sole Primary beneficiary and the Insured's Estate as contingent beneficiary to the death benefits payable under the Policy. [Complaint, Doc. 5, ¶9, Ex. C, Doc. 5-3.].

Upon information and belief, the Insured's wife, Joyce Haynes, predeceased the Insured. [Complaint, Doc. 5, ¶10.] Upon information and belief, the Insured died on December 19, 2020. [Complaint, Doc. 5, ¶11, Ex. D, Doc. 5-4.] As a result of the death of the Insured, Policy death benefits in the amount of $163,958.65 ("Death Benefit") became due to a beneficiary or beneficiaries and NELICO concedes liability to that effect. [Complaint, Doc. 5, ¶12.]

Defendant David Doerr, on the one hand, and Defendants Stacey Archer, individually and as Executrix of the Insured's Estate, and Leslie Dubeau, on the other hand, have asserted competing, mutually exclusive claims to the Death Benefits. [Complaint, Doc. 5, ¶¶13-16, Exs. E-H, Docs. 5-5 - 5-8.]

There have been no other claims for the Death Benefit. [Complaint, Doc. 5, ¶17.] NELICO claims no title or interest in the Death Benefit and is ready and willing to pay the Death Benefit to the person or persons entitled to it, but is unable to make that determination without exposing itself to double or multiple liability on account of the potential competing claims of the parties. [Complaint, Doc. 5, ¶¶18-21.]

## LEGAL ARGUMENT

### NELICO SHOULD BE PERMITTED TO DEPOSIT THE DEATH BENEFIT

The Interpleader Statute, 28 U.S.C. § 1335(a), provides, in relevant part:

(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or

2

> corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if
>
> (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if
>
> (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy. …

28 U.S.C. § 1335. Jurisdiction is established for statutory interpleader where (1) the amount in controversy is at least $500; (2) two or more adverse claimants are of diverse citizenship; and (3) the funds at issue have been deposited in the Court's registry. 28 U.S.C. § 1335(a); see also, e.g., Metro. Life Ins. Co. v. Mitchell, 966 F. Supp. 2d 97, 102 (E.D.N.Y. 2013) (discussing jurisdictional requirements for statutory interpleader).

In this matter, the Defendants are citizens of New York and West Virginia and have asserted competing claims to the Death Benefit, which is equal to $163,958.65, exclusive of interest, and which exceeds the minimum requirement of $500 under the Interpleader Statute. (Complaint, Doc. 5, ¶¶ 2-4, 12). Thus, subsection (a)(1) of the Interpleader Statute and the first two requirements for jurisdiction are satisfied. Subsection (a)(2) of the Interpleader Statute requires that the funds at issue be deposited with the registry of the Court in order for the Court to have jurisdiction under the Statute. See e.g., Madison Stock Transfer, Inc. v. Exlites Holdings Int'l, Inc., 368 F. Supp. 3d 460, 484 (E.D.N.Y. 2019) (explaining the statutory interpleader requirement

to deposit either the amount at issue or an appropriate bond). Accordingly, NELICO seeks to deposit the proceeds at issue with the registry of the Court pursuant to 28 U.S.C. § 1335(a)(2) so that the third requirement may be satisfied.

Additionally, Rule 67 of the Federal Rules of Civil Procedure also provides a basis for NELICO's motion to deposit. Federal Rule of Civil Procedure 67 provides, in relevant part:

> (a) Depositing Property. If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

Fed. R.Civ.P. 67(a).

Therefore, pursuant to Federal Rule of Civil Procedure Rules 22 and 67 and 28 U.S.C. § 1335(a)(2), NELICO seeks an order permitting it to deposit the Death Benefit with the Court. This motion is being made upon notice to all parties as set forth in the accompanying Certificate of Service.

## CONCLUSION

NELICO respectfully requests that this Court enter an Order directing NELICO to deposit the Death Benefit into the Court's registry.

Dated: January 4, 2021

        Respectfully submitted,

        **D'ARCAMBAL OUSLEY & CUYLER BURK LLP**

        By: /s/ Aimee L. Creed
          Aimee L. Creed, Esq.
          40 Fulton Street, Suite 1501
          New York, New York 10038
          (212) 971-3175, ext. 104
          (212) 971-3176 (Facsimile)
          acreed@darcambal.com
          *Counsel for Plaintiff, New England Life Insurance Company*